IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:05-464-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Kevin Kelly, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion requesting termination of supervised release. ECF No. 1224 (filed Jan. 7, 2014). The United Probation Office has notified this court that it opposes termination of Defendant's supervised release based upon Defendant's criminal history. The United States Attorney has indicated that it defers to the position of the United States Probation Office.

Title 18 United States Code Section 3583(e) provides that

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

Considerations contained in § 3553 include, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant; the ability to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553.

1

"The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *United States v. Pregent*, 190 F.3d 279, 282-83 (4th Cir. 1999). However, the statute

> is not exclusively limited to considerations of conduct. The language of the statute notes that the district court 'may' terminate supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.' The phrase 'the interest of justice' does give the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period.

*Id.* at 283 (citation omitted).

Defendant is employed and appears to be in full compliance with the other conditions of his supervision. Defendant maintains that because of his supervision, he cannot travel with his children's athletic teams on out of town trips. However, Defendant is authorized to travel anywhere in the state of South Carolina without preapproval of this court or the United States Probation Office. In the event any of these games take place in other states, the court will approve trips in which his children's teams are involved, provided Defendant provides a schedule and the name of the child and the coach sufficiently in advance of the requested dates so the information may be verified.

Defendant's motion is, therefore, denied.

**IT IS SO ORDERED.**

                                                  s/ Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                  SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 14, 2014